Caria, per

O’Neall, J.
Questions of location approximate so nearly to purely legal questions, that a new trial is more readily granted for error in them, than in any other class of cases, depending upon facts. For rules of location are legal rules, and the facts to which they are to be applied, are often of such a character, that there can be no mistake in judging here of their effect. The first rule of location is, that natural boundaries are to prevail, unless there may be some doubt about them, and this doubt is certainly removed by artificial marks. In such a case, the latter, although of inferior degree, will have effect. In the case before us, the, survey of William Hall calls for Dean Swamp, as its N. E. boundary. The only difficulty which could arise, would be, whether the surveyor called for the swamp of the creek, or the creek itself, by the name of Dean Swamp. If there were any artificial marks, ■ which would lead us to conclude that the surveyor, stopped at the margin of the swamp, then we would be at liberty to adopt it as the boundary ; but, in their absence, what is meant by Dean Swamp, must be decided by the known and established understanding in this State. The meaning may be ascertained, by appealing to the usage even of Orangeburgh, in this behalf. Besides Dean Swamp, they have many others, such as Bull Swamp, and Coccaw *48 Swamp. This name is appropriated to the run, and not to the swamp. In larger streams, such as Santee and Ed-isto, the swamp is .spoken of as distinct from the river, but in creeks with a margin of swamp, the usage is universal in this State, to speak of the creek and swamp as one. In this case, however, I do not think there is any difficulty; for the surveyor showed that he intended to go to the run, by the different manner in which he called for the southern boundary. He there calls for the edge of the South Edisto Swamp. When he calls for the N. E. boundary, he calls for it as Dean Swamp, and represents the stream, and, indeed, judging from the face of the plat, it appears that the corner stands on the bank of the stream.
In Coates vs. Matthews, 2 N. & McC. 99, Little Saluda, in Edgefield district, was represented as lying within the southern line of the survey. It was held, that the river thus represented, must control the location. So, here, the grant to William Hall must be located by the run of. Dean Swamp. It is true, in following the stream, the grant to Clarke is found to run beyond the creek; and, as that is an older grant, the rule governing the location of Hall’s grant, is to follow the run of the creek, until the line of Clarke’s survey is reached, and then to follow the lines of Clarke’s survey, until they carry the survey back to the creek, which is then to be pursued to South Edisto Swamp.
When this is noticed properly, it explains Hall’s declarations. For it was on the line M. Q,., which is identical with the line of Clarke’s grant, that Hall said he did not run to the creek. This was the fact at that point, for Clarke’s grant intervened. But we do not think Hall’s declarations were competent evidence. They were made after he had conveyed. The rule is, that the declarations of a tenant in possession, or a grantor, before he conveys his interest, may be given in evidence. Turpin vs. Brennan, 3 McC. 261. After a grantor has conveyed, he may be sworn to impeach his own title, for, in that case, he testifies against his own interest, and this shows, at once, that his declarations cannot be evidence. The question in this behalf, is like that arising in a suit upon a note of hand, when it is passed away, and the declarations of the payee, *49 after he parted with his interest, are attempted to be given in evidence. In Lightner ads. Martin, 2 McC. 214, it was ruled, that they were inadmissible. In Lester vs. Martin and Patrick, id. 241, it was ruled, that declarations made by the endorsee, béfore he parted with the note, were competent; and, in that case, Judge Nott stated the true rule. “The declarations, acts, (fee., relating to the matter in dispute, made by a person while he is interested, is good evidence against a party claiming, subsequently, under such person.”
T. W. Glover, for the motion. Mr. Whitmore, contra.
The motion for a new trial is granted.
JOHN BELTON O’NEALL.
We concur. J. S. Richardson, Josiah J. Evans, A. P. Butler.
Earle, J. absent.